

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-09-394-CV

GERALD BROWDER                                                    APPELLANT

V.

JAMES LOWELL PENTON, JR., AS                                       APPELLEE
THE INDEPENDENT EXECUTOR OF
THE ESTATE OF JAMES LOWELL
PENTON, DECEASED

------------

FROM PROBATE COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Gerald Browder is attempting to appeal from the trial court's

partial summary judgment in favor of Appellee James Lowell Penton, Jr., as the

---

[1] *See* Tex. R. App. P. 47.4.

independent executor of the estate of James Lowell Penton, Deceased.[2] We will dismiss for want of jurisdiction.

In July 2008, Appellee filed this real estate deed construction case, asserting causes of action against Appellant and other defendants under the Texas Natural Resources Code and seeking a declaratory judgment. Appellee sought damages and attorneys' fees. In July 2009, Appellee filed a motion for partial summary judgment, which the trial court ultimately granted. The order on the motion for partial summary judgment states that "the issues of damages and reasonable and necessary attorney's fees which are equitable and just, if any, shall be tried."

Appellant filed his notice of appeal in November 2009. Appellee filed a motion to dismiss the appeal for want of jurisdiction on the ground that the partial summary judgment is not a final judgment. Appellee contends that the trial court merely granted partial summary judgment, expressly providing in its order that the issues of damages and attorneys' fees "shall be tried." Appellant filed no response to the motion to dismiss.

Appellate courts have jurisdiction only over appeals from final judgments and from specific types of interlocutory orders designated by the legislature as

---

[2] The order that Browder attempts to appeal also denied his motion for a declaratory judgment.

appealable.  *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see* Tex. Civ. Prac. & Rem. Code Ann. § 15.003(c) (Vernon Supp. 2009), § 51.014 (Vernon 2008), § 171.098 (Vernon 2005); Tex. Gov't Code Ann. § 1205.068 (Vernon 2000).  A judgment entered without a conventional trial on the merits is final "if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties."  *Lehmann*, 39 S.W.3d at 192–93.

Here, the order granting Appellee's motion for partial summary judgment is not a final, appealable order; the order states that Appellee is "entitled to *partial* judgment as a matter of law" and that the issues of damages and attorneys' fees "shall be tried." [Emphasis added.]  Nor is the order an appealable interlocutory order.  Accordingly, because there is no final judgment or appealable interlocutory order, we grant Appellee's motion to dismiss and dismiss the appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL:  MEIER, LIVINGSTON, and DAUPHINOT, JJ.

DELIVERED:  February 4, 2010

3